The next case today is Meluluz Martinez et al. v. United States, appeal number 20-1981. Attorney Ramos Jimenez, please introduce yourself for the record and proceed with your argument. Thank you. Good morning again. Good morning to the court. This is counsel Michelle Ramos on behalf of the appellant in the case. Good morning. The issue raised in this appeal was discussed extensively by this Honorable Court as recently as June 18, 2020. In an opinion by Honorable Judge Johnson in the case of Lois v. CSA Architects and Engineers, 963 Federal Cert 72. In the instant appeal, this instant appeal arises from the decision of Honorable Judge Raul Arias-Marswarsh to exclude appellant's only medical expert in this medical malpractice only after being assigned to the case for 34 days. This improper exclusion led to the dismissal of the case without trial. Contrary to the Lois case, in this case, the district court didn't even celebrate it at our hearing. It is the appellant's position that they diligently comply with Federal Rule of Evidence 702 and Federal Rule of Civil Procedure 26A-2B. Ms. Ramos, hang on a second. I just need to check with IT to make sure we're good to go here. Is this being sufficiently captured? Hi, IT. Can we, can we, is that, because I think there is some background noise. Yeah, there is. Yes. To the point that sometimes it's hard to understand what counsel is saying. Any suggestions from IT? Now that she stopped speaking, I don't hear it, so I'm wondering if there was a echo. If I may, I think it was because I have a fan next to me because we don't have air conditioning here, so that might be it. Yeah, you sound much better now. Thank you. Okay. May I proceed or should I go back? I think you can go ahead. Pick up where you left off. Okay, perfect. Thank you. So, as we were saying, Appellant's position is that they comply with the Federal Rule of Civil Procedure 26A-2B, and in due course, we disclose the expert curriculum vitae, the expert report, the medical literature, the compensation, and a list of cases in which this expert has testified. Contrary to the district court appreciation, the expert report in this case contains detailing the deviations of care that caused the demise of the patient in this case, and the medical literature provided supported the expert opinion. Therefore, it is Appellant's position that the exclusion of the expert was an abuse of discretion. If the district court believed otherwise, prior excluding the expert as the harshest sanction, it should have been given the opportunity to supplement their report. The trial court wrote, as a gatekeeper, it is not intended to serve as a replacement for the adversary system. The expert testimony should be tested by the adversary process, vigorous cross-examination, and presentation of contrary evidence, as the award requires. The rejection of expert testimony is… Could you help me understand something about just the record? There was a deposition of the expert, right? Yes. Now, as I read that deposition, he, in the deposition, describes, at least it seems to me, two different things that could have been done that weren't done. One, he refers to a transfusion, and then he also returns, specifically describes reducing the dosage of the antibiotic that was being given. Is that right? Well, first of all, the platelets were lower, and so they should have given the patient platelets. But what he says in the deposition, if I'm reading the deposition right, is that he says the thing that could have been done is they could have given more platelets, if they had been monitoring it, which I take as the transfusion point, or they could have reduced the dosage of the antibiotic that was treating one of his conditions, because that could have also reduced the bleeding. Is that right? Well, the thing is that he was on the antibiotics on the 28th, and he died on the 29th. And the levels of the antibiotic were supratherapeutic, and the laboratory results even said you need to repeat this blood test, because this is not a normal range, and they did not repeat it. Okay. What is the status of the deposition with respect to the issue before us? So, none of what's in the deposition that I just referred is expressly stated in the report itself. So, I'm just trying to figure out what happened here. The deposition exists. Was it attached to the report? Did the district court have it at the time that it made its ruling? Okay. Yes, the district court filed the deposition. The deposition was taken on March 2018. The motion to exclude the expert testimony was filed on February 2019, and we filed our opposition on March the 3rd. However, the case was reassigned to George Arias-Marswash on June 6, 2019, and in 34 days, he just ruled on the motion and excluded the expert. What was the deposition? I mean, because at least the way I read the record, the report, and in combination with the deposition, may get you over the line, but we're trying to figure out, I mean, it seems to be an ongoing problem in Puerto Rico that people aren't supplementing these reports as the rule requires, but our case law says that, you know, you've got to show prejudice, and when there's been a thorough deposition, we take into consideration the totality of the circumstances in trying to determine if someone has been prejudiced. So we're trying to figure out if the judge who made this decision had the deposition available. Yes, Your Honor. Yes, he had the deposition available. We proffered the testimony of the expert. We also included all the medical literature that supported his opinion. What did the district court say with respect to the deposition? Is that part of what he's saying that was not timely, and that's why he's not going to consider it? No, no, he never said that it wasn't timely because it was in the discovery process, and the appellants were never, ever, I'm going to state it, or sanctioned in any way for not disclosing any of the evidence. Was it a sanction, or was it a decision? This is why the deposition is so important. Was it a decision based upon the methodology? Well... Yeah, go ahead. Yes, the court stated that we did not complain with Federal Rule 26, with Federal Rule 26, and they also addressed 702 about the methodology. And reliability. Was it a gatekeeping function where the court specifically found that the expert's reliability and methodology was deficient, and therefore that's the reason the opinion was precluded? No, the court said that the report wasn't supplemented in a timely fashion, that we did not provide the compensation with the report. On the point about the supplemented in a timely fashion, what I'm trying to figure out is what is the relationship between the existence of the deposition and that finding that it wasn't supplemented in a timely fashion. I assume the deposition was not attached to the report at any point, correct? No, it wasn't attached to the report because the report was produced at the beginning of the case, and the report was dated 2015. So I guess what I'm saying is, by the time the deposition was taken, in order to get the deposition to connect up with the report, it would have had to take the form of a supplement to the report, correct? Yes. About four minutes. I'm sorry, Judge Barron, I didn't hear you either. That would not have been timely. In other words, by the time you could have supplemented the report by adding the deposition, it already would have been untimely to do so. Is that right? Well, it would have elapsed the time to produce the expert report, but it was during the discovery process. And the deposition was taken in 2018. The issue that the report wasn't sufficient wasn't raised until the motion to exclude expert testimony. And when they filed the motion to exclude expert testimony, we opposed to the motion, we attached the deposition, we proffered the testimony of the expert. I see. So your view is that that moment, rather than kicking it out, there should have been an opportunity for you to amend by adding a deposition at that point. Exactly. Or the judge, instead of going to the harshest session and just preclude my expert and request the government to file a motion for summary judgment to dismiss our case, he should have said, hey, you have five days. In five days, I could have done it. My expert would have been available to supplement the report and include whatever the judge said, but it wasn't included on the report. But he didn't have that option. He never gave us that opportunity. Immediately when he got the case, 34 days after, he just precluded our expert, and we filed a motion for reconsideration, citing all the binding case law, giving all the exhibits, the medical literature, the deposition, and on that same day that we filed our reconsideration, he denied the reconsideration on that same day. And then after that, he requested the government, I know he can do it, but he requested the government to file a motion for summary judgment to dismiss the case without the government asking for it because the time has elapsed. So he requested that the government file a motion for summary judgment, and I would dismiss the case. That was basically what happened in the case. Is the court's request to the defendant to file a motion for summary judgment, is that just a case management processing issue with the court? Your Honor, honestly, I've been dealing with cases only for 14 years. I've never seen the court requesting the other party to file a motion for summary judgment. Oh, we got two today. It happened in this case. All right, anything further? Well, we just want to make sure that the court, we just want to make sure that everything is clear. If the court has any other questions regarding how... That's time. Oh, that will be all. I do know that the judge in his opinion said that the plaintiff has not alleged that this is not the final report, nor that they have supplemented that report. That's after he refers to the fact that the defendants did file the deposition of Dr. Ortiz. What would he make of that? Did you ever argue with the court below that in deciding whether your disclosures were adequate, the court should consider the deposition testimony? Well, we provided the deposition, and we made reference to the deposition, and we explained to the court that without our expert, we wouldn't have any case to present at trial, and in this type of case, it will be a dispositive situation, because without expert, we couldn't go to trial. So, yes, we presented everything that we have, and we brought forth all the arguments that we could, and we begged the court twice to not preclude the expert, and the court just refused to do so without giving evidence. I think Ms. Ramos has sort of frozen. I think you're right, Judge. Attorney Ramos, can you hear us? Maybe, as they have done in the past. Hi, Attorney Ramos, you froze for the last minute or so. Yes. Yes, I wonder if you could just let the court know what you were saying for the last minute or so. We lost you for that minute. Unless you just want to submit on your briefs, I think we understand the nature and extent of your arguments, unless my colleagues have any further questions. Okay. Yes. If that's so, Your Honor, we will just request to listen to our court to readers. They're ruling back the entry of judgment and remand this case. Thank you. Thank you. Thank you, Attorney Ramos. At this time, please mute your audio and your video. Attorney Coleman, if you could please unmute and introduce yourself to begin. May it please the court, my name is Robert Coleman on behalf of the United States. To answer the court's questions from the opening argument, the district court here did have the deposition transcript in front of it when it made the order to exclude Dr. Ortiz's expert, but that really is neither here nor there because that deposition does not fill the gaps that were present in the report. Suppose it did. Was there a finding that it didn't? There wasn't an explicit finding that the deposition in particular did not.  Is there an indication that it was considered and that the reason that the expert report was found to be wanting was because the deposition also didn't fill the gap? Yes, and that the district court refers to the report and the testimony of Dr. Ortiz. So the testimony, I don't know what that could be referring to other than to the deposition. And is that the 702 ruling or is that the Rule 26 ruling? I believe both. Well, 702 is regarding both, I believe. It's just generally the submissions from Dr. Ortiz. But in the Rule 26, I thought that was an independent ground and that ground is not relying on the deposition. Is that right? Yes, I believe that is correct. So just am I right that even if we disagreed with the court on the 702 ground, it's Rule 26 ruling would provide an independent basis for kicking out the expert or am I wrong? You are correct. Under 26.82bi, the expert is required to provide a full summary. So with respect to that second issue, can you explain to me what's going on with how the Rule 26 ruling is made? When at the time it's made, the deposition is right there with the report. I mean, is it just a formal point that there wasn't a motion to actually supplement it and that was the problem? I just don't understand what's happening. The court ruled that Dr. Ortiz's submissions were insufficient. No, I know that. On the Rule 26 point, that's based only on the report, not the deposition. Because the requirements under 26 is only pertinent to the report, as it says in 26.82bi. Can the report include a deposition if the deposition is attached to it? Perhaps. Yes, so that's my question. When the report is there and there's a deposition right with it, what explains the reason to say, oh, well, you didn't say the report you're submitting along with the deposition. The deposition is part of the report. Therefore, I'll only look at the report. The report's inadequate. Therefore, I kick it out. That doesn't make a huge amount of sense to me. So I guess I'm trying to puzzle through that part of it. Is that what happened here? I don't believe that's what happened. The court did not explicitly say that it was relying 100% on the report and that it was excluding the deposition testimony. Even on the Rule 26 issue, your position is that we can consider the deposition in assessing the Rule 26 ruling? I don't think it. I think that the court. No, I don't believe the court can consider it. So then that must be because you're saying the district court did not look at the deposition in ruling on the Rule 26 issue. You can't have it both ways. It's got to be either it did consider it for 26 or it didn't. The court did not explain specifically what it considered there, but the result either way is the same. How? Because the deposition does not fill any of the gaps that are present in the report. Well, suppose I disagreed with you on that. What should I do? You should affirm because under 702, there is no evidence. No, 702 you said they did consider the deposition. Exactly, and that's a grounds matter. If I disagree with you about whether the deposition fills the gap, then I wouldn't be affirming on 702. I'd be overturning the 702 ruling. With respect to Rule 26, what should I do? Affirm because 26A2BI is violated. Why? When the deposition is right there, that's what I want you to answer. I want to understand what the government's position is as to how to apply Rule 26 when there is a conceivably deficient report, but attached or right next to it, submitted with it, is a deposition that I want you to assume fills the gaps. So that if you formally said this is part of the report, the report then would be adequate. What are we supposed to do in that situation? You should affirm because there's nothing in 26A2B that says that a submitted deposition, but not incorporated into the report, satisfies 26A2BI. And you don't think that the right answer, given the gravity of the consequence, would be to give the party submitting that an opportunity to amend to attach it? No, I don't. Given the situation that we're faced with here where appellants did not make any effort to supplement the report at any time. As Appellants Council pointed out, the original report from Dr. Ortiz was dated 2015, yet there was no attempt by appellants to support that particular report, to submit a different report, to amend the report. But how are you prejudiced by that? We talked about this in laws, and we talked about the gravity of sanctions and the need to demonstrate prejudice by the failure to formally revise the report when a deposition which spelled out the theories and opinions was available. How would you have been disadvantaged when you had both the report and the in-depth deposition of the expert? And also, you had an expert that understood well enough the expert's opinion so that you could rebut it. Yes, and it was rebutted. So there was no prejudice to the government particularly, but what we have here is a deficiency. About four minutes. We have a deficiency from Dr. Ortiz both in the deposition and in the report. Let me ask you about that. Let's make this more concrete. You guys moved to challenge the report and have it thrown out. And you alleged that it was deficient in some way, correct? Correct. And you identified the deficiency that you wanted the court to pay attention to. If the other side in response had said, we don't have that deficiency because look at Judge Page 210 of the deposition transcript and you can see what our expert would say, it'd be pretty hard to see how you were prejudiced by that not being included in the report. Perhaps you could come up with some argument of things you did in between. The question I have is, is that the way it went down? Did you move to say X is missing? And did they in response then say, look at the deposition. It fills in the gap of X. And the court then ignored that? No, the government moved to dismiss and filed both the report from Dr. Ortiz as well as the deposition testimony. That deposition testimony was not previously entered. Okay, but you said there was a gap. We can look for ourselves, I suppose. What was their response? Did they point to the deposition transcript to say, here's the gap filler? Well, there were a series of gaps. So I do believe that they referenced both the report and the deposition. But the issue is that it didn't fill any of the gaps. No, but you keep shifting. For the Rule 26 ruling, I thought you were taking the position, which seems to be a correct reading of the opinion, that the Rule 26 ruling did not take account of the deposition. Yes. So just to go back to Judge Ciatta's question then, it sounds like you moved to exclude it on grounds that it was deficient. The response back referred to the deposition. The district court then excluded it under Rule 26 without referring to the deposition. Is that correct? No, because the court did not rule solely on 26A to B. No, just with respect to Rule 26. Forget 702. Just on the Rule 26 ruling, with respect to the Rule 26 ruling, isn't that what happened? Yes. Okay, and how were you prejudiced by the failure to do the incorporation of the deposition into the report? We were not prejudiced, nor did we make an argument that we were prejudiced. Our argument was confined to the inadequacy. Okay, so then what's the sense in concluding under Rule 26 that in a circumstance like that, Rule 26 bars even the opportunity to incorporate the deposition into the report so that it can then be assessed to see whether it fills the gap? I don't know of any bar to that. It perhaps could happen, but it wouldn't change the result here because we're dealing with inadequate evidence, both in the deposition as well as in the report. That's what the government argued, and that's what the ultimate ruling was. But also here we don't have any attempt by appellants to try to supplement the report despite their claim now that they were interested in doing so. And, again, the deposition testimony was in front of the court, at least as to the 702 Issue 2, which would be an independent grounds to affirm. Last thing, on the substance of the deposition testimony, what is the gap if he says, as I read the deposition, his account is, well, you didn't monitor the declining in the platelets. It's not that that would cure the cirrhosis. There's no cure for that, so he was in a very serious situation. But he would have lived longer if you had been doing what the standard of care was, which was to monitor the decline because there were steps that could have been taken to stop that precipitous decline, namely either a transfusion or a reduction in the dose. Why isn't that sufficient to get past the gatekeeping bar? He doesn't say that. He does say that. He indicates explicitly that he did not have any problem with the treatment that was rendered. That's the treatment for the cirrhosis. That's what I think he's saying throughout. He's concerned about the reduction in platelets. He keeps saying, I'm not saying you're not treating cirrhosis of the liver correctly, but there's this bleeding concern. When the platelets go down, either you could add platelets or you could reduce the dosage, I forget, of the antibiotic that they were giving that raised the risk of severe bleeding issue. That's what I thought he was saying in the deposition. Or treat the steroids, which would have reduced the bleeding. There are a number of problems. For one, he doesn't say that. He says, more generally, he has no issue with the treatment received. Sorry, Your Honor. For the cirrhosis. He doesn't say it's solely due to the cirrhosis. He just says, I have no issue with the treatment received, only the lack of monitoring. This is appendix page 382. But more than that, he doesn't tie bleeding to the cause of death. He doesn't say that the bleeding was the cause of death anywhere. Also, he doesn't identify a standard of care. He doesn't indicate where he's getting this standard of care for monitoring. There is no standard of care to monitor an individual with platelet levels at this level, 54,000, which is the lowest amount. So, there's no basis on any of those levels. Also, he assumes that the... Counselor, your time is up. Thank you. Understood. Thank you. At this time, that concludes oral argument in this matter. Attorney Coleman and Attorney Ramos, you may disconnect from the hearing at this time.